UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., a Colorado Limited Liability Company, ECHOSTAR TECHNOLOGIES L.L.C., a Texas Limited Liability Company, and NAGRASTAR L.L.C., a Colorado Limited Liability Company,<br><br>                Plaintiffs,<br><br>   v.<br><br>MICHAEL CHO, an individual, JASON CHO, an individual, MAMERTINE, INC., an Oklahoma Corporation, each and together d/b/a NFUSION,<br><br>                Defendants. | Case No. 2:10-CV-00940-KJD-LRL<br><br><br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Upon stipulation by the Parties, the Court hereby ORDERS and ADJUDGES as follows:

(1)    Defendants and anyone acting in active concert or participation with, or at the direction or control of Defendants are hereby PERMANENTLY ENJOINED from:

    (a)    offering to the public, providing, or otherwise trafficking in any satellite television receivers or set-top-boxes, software, firmware, 8PSK boards, or any other device, component, or technology, or part thereof, through any means including Internet Key Sharing (also known as Control Word Sharing), that:

        (i)    is primarily designed or produced for the purpose of circumventing Plaintiffs' Security System, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

1

(ii) has only a limited commercially significant purpose or use other than to circumvent Plaintiffs' Security System, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform; or

(iii) is marketed by any individuals, entities and/or others for use in circumventing Plaintiffs' Security System, including the encryption and access control protection contained in the software on DISH Network Access Cards, or any other technological measure adopted by Plaintiffs that effectively controls access to copyrighted programming on the DISH Network platform;

(b) assembling, modifying, selling, importing, and/or distributing any satellite television receivers, set-top-boxes, software, firmware, 8PSK boards, or other device, technology or part thereof knowing or having reason to know that such device, technology or part thereof is primarily of assistance in the unauthorized decryption of direct-to-home satellite services through any means including Internet Key Sharing (also known as Control Word Sharing);

(c) intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

(d) assisting others in intercepting Plaintiffs' satellite transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

(e) Testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite television receivers, access cards, data stream or any other part or

component of Plaintiffs' Security System or other technology used to gain access to DISH Network Programming including through the use of Internet Key Sharing (also known as Control Word Sharing); and

(f)     Operating any website or URL that markets, promotes, distributes, or provides any information or discussion forums related to the products, devices, technology, codes, software, hardware, firmware, dongles, or components thereof which Defendants are permanently enjoined from manufacturing, promoting, distributing or trafficking in pursuant to section (1)(a)-(e) above of this Final Judgment and Permanent Injunction.

(2)     This Permanent Injunction takes effect immediately.

(3)     Should Defendants breach any part of this Final Judgment or Permanent Injunction, Defendants shall be subject to damages up to the amount of $110,000 for each such breach or violation, which is the maximum statutory damage permitted per violation under 47 U.S.C. § 605(e)(3)(C)(i)-(ii).  For purposes of assessing damages under this section, each "device, product, file, technology or part or component thereof" that is distributed by Defendants or others acting in active participation or concert with Defendants in violation of this Final Judgment and Permanent Injunction shall constitute a separate and discrete violation.  In the case of any software, firmware, or other file distributed or posted by Defendants or others acting in active participation or concert with Defendants, each time that software, firmware or other file is downloaded by an end-user shall constitute a separate and discrete "violation" for purposes of quantifying damages set forth in this section. In the case of Defendants' use of Internet Key Sharing ("IKS") products or services to gain unauthorized access to DISH Network Programming, each decryption key or "control work" used by Defendants or Defendants' equipment to descramble DISH Network Programming shall constitute a separate and discrete "violation" for purposes of quantifying damages set forth in this section.

(4)     The Court further ORDERS judgment in favor of Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC on each of Plaintiffs' claims under 17

U.S.C. § 1201, 47 U.S.C. § 605, and 18 U.S.C. 2511 (Counts 1-6 in Plaintiffs' Complaint) against Defendants and awards damages in favor of Plaintiffs and against Defendant Mamertine, Inc. d/b/a NFusion in the aggregate amount of Twenty Million Dollars ($20,000,000.00).

(5) The Court retains jurisdiction over this action for the purposes of enforcing this Final Judgment and Permanent Injunction and adjudicating any disputes regarding the Parties' underlying settlement agreement, including but not limited to disputes regarding the enforcement or scope of the settlement agreement.

(6) Each of the Parties is to bear its own costs and attorney's fees.

(7) This is a final judgment. Any and all relief not expressly granted herein is denied.

It is so ORDERED.

SIGNED and ENTERED this  3rd  day of  August , 2011.

Kent J. Dawson
United States District Court Judge